## Gillespie Home Township Mutual Fire Ins. Co. v. Asberry Prather.

1. INSTRUCTIONS—*Where the Evidence is Conflicting.*—Where the evidence on a pivotal point is in conflict it is important that the instructions should be correct.

2. SAME—*Leaving Out Element of Authority of Officer to Act.*—An

124 . Appellate Courts of Illinois.

Vol. 105.] ,Gillespie Home Tp. Mutual Fire Ins. Co. v. Prather.

instruction which tells the jury that a contract of insurance was entered into, if they believe from the evidence that the secretary of the company accepted plaintiff's application and membership fee and told plaintiff that a policy of insurance would be executed and delivered to him in some way, is vicious, because it omitted the element of his authority to pass on an application and issue a policy.

**Assumpsit,** on a policy of fire insurance. Appeal from the County Court of Macoupin County; the Hon. David E. Keefe, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. Opinion filed November 24, 1902.

Bell & Burton, attorneys for appellant.

Peebles & Peebles, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the court.

This suit was brought by appellee against appellant to recover for the loss, by fire, of certain household furniture, which, it is claimed, was covered by a parol contract of insurance. It was defended upon the ground that the contract was never consummated. A trial by jury resulted in a verdict and judgment in favor of appellee for $266.65.

Appellant is a township fire insurance company, doing local mutual insurance. Samuel J. Williams is president and E. T. Rice is secretary of the company. Both reside on farms, but have a place in the village of Gillespie, where they transact business. Appellee desired a policy of insurance for $400 placed upon his household goods. He had several interviews with Rice, who was disinclined to take the risk, because appellee placed too high an estimate on the value of the goods. On September 13, 1901, however, Rice took his written application for $400 insurance, and promised to submit it to the president, agreeing to leave the policy, if issued, at a store near by. On the 16th of September, Williams, the president, went to the office and found the application and policy ready for his signature. After conferring with Rice he refused to accept the application or sign the policy. On the 20th Rice endeavored to find appellee and notify him of the rejection of his application, and to return him the membership fee of $2.40

which appellee paid on the 13th, but appellee had gone with his family on a visit to an adjoining county. That night his house and all its contents were burned.

The only frictional question involved in the controversy is whether there was an acceptance of appellee's application, and that depends upon the authority of Rice, the secretary. The extent of his authority was in dispute. According to his testimony and that of Williams, each application had to be passed upon by the president. Of course, the signature of the president to a policy is not indispensable. If the rules and customs of the company required the president to pass upon the application, his oral acceptance, or conduct of his by which such acceptance could be reasonably inferred, would be sufficient to bind the company; but some kind of acceptance on his part would be necessary. It was the contention of appellee on the trial that the secretary had the right to accept the application and issue the policy. There was testimony tending to support that contention. In view of the fact that the authority of Rice was in dispute, it was highly important for the instructions on that point to be correct. In the third instruction, given for appellee, the court told the jury that a contract of insurance was entered into if they believed from the evidence that Rice accepted Prather's application and membership fee, and told Prather that a policy of insurance would be executed and delivered to him in some way. The instruction was vicious, because it omitted the element of his authority to pass on an application and issue a policy. Appellee's fourth instruction should have been refused upon the ground that there was no count in the declaration on which to base it. Nor do we think the evidence justified such an instruction.

For the error of the court in giving these two instructions the judgment will be reversed and the cause remanded.